UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAMIEN DARRELL LINDSEY                                                PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:19CV307-LG-RPM

CITY OF GULFPORT, MISSISSIPPI et al                              DEFENDANTS

## REPORT AND RECOMMENDATIONS

Plaintiff Damien Darrell Lindsey, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging false arrest, entrapment, and unlawful imprisonment. Doc. [1]. According to Plaintiff, he was accused of felony possession of a stolen firearm. The record reflects that Plaintiff in fact was charged with unlawful possession of a firearm by a convicted felon. Doc. [19-2]. Plaintiff asserts that the charges resulted from entrapment and an illegal search and seizure by Gulfport police officers. The Court stayed the instant case pending resolution of the underlying criminal charges. Doc. [14].

Before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. [19]. Defendants argue that Plaintiff has entered a guilty plea to felony charges arising from the arrest that is the subject of Plaintiff's lawsuit, thereby barring his civil claims. Plaintiff has not filed a response in opposition to Defendant's motion. The undersigned notes that Plaintiff's mail has been returned as "undeliverable" beginning on August 11, 2020, and as recently as March 3, 2021. *See* Doc. [16] [17] [18] [21].

## Law and Analysis

Under the Supreme Court's holding in *Heck*, to recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.  A "plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted," unless the plaintiff can prove that this conviction has already been invalidated.  *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing *Heck*, 512 U.S. at 486–87); *see also Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999).  In the instant case, Plaintiff pleaded guilty on May 4, 2020, to unlawful possession of a firearm by a convicted felon.  Doc. [19-3].  He does not assert or allege that this conviction has been in any way invalidated; therefore, he cannot recover civil damages based on the present allegations of false arrest, false imprisonment, and entrapment in connection with his arrest for being a felon in possession of a firearm.  Accordingly, his complaint should be dismissed pursuant to *Heck* for failure to state a claim upon which relief may be granted.  *See Randell v. Johnson*, 277 F.3d 300, 301 (5th Cir. 2000); *Walter v Horseshoe Entm't*, 483 Fed.App'x. 884, 887-88 (5th Cir. 2012) ("plaintiffs were arrested for crimes of which they were ultimately convicted.  *Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest.").

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' [19] Motion to Dismiss be GRANTED and that Plaintiff Damien Darrell Lindsey's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed for failure to state a claim.  The undersigned further

recommends that Plaintiff be assessed a strike pursuant to 28 U.S.C. § 1915(g).  *See German v. Baker*, 124 Fed.App'x 257, 258 (5th Cir. 2005) (cautioning appellant that *Heck* dismissal and the appeal of that dismissal "both count as strikes for purposes of 28 U.S.C. § 1915(g)"); *Canady v. Thaler*, 48 Fed.App'x 106, 2002 WL 31017505 (5th Cir. 2002) (counting a prior case dismissed pursuant to *Heck* as a strike under § 1915(g)); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").  Plaintiff should be cautioned that if he acquires three or more strikes, he shall be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 29th day of April 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE